DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You have asked me to reconsider my opinion issued to you on May 4, 1979, 68 Op. Att'y Gen. 148 (1979).
In material part, that opinion concluded that a high school course in health occupations could be taught to high school students at a school of a vocational, technical, and adult educational district. Although the opinion concluded that a public school district could enter into an agreement with a vocational school district for such instruction, the opinion also concluded that the teacher of the course must be licensed by the Department of Public Instruction.
You have now invited my attention to some additional matters. First, you call my attention to certain provisions in ch. 38, Stats., and, second, you refer to the "superintendent's conflicting duties as vocational, technical, and adult education (VTAE) Board member and state superintendent."
Chapter 38, Stats., relates to vocational, technical, and adult education. Section 38.04 (4)(a), Stats., empowers the VTAE Board to establish the qualifications for teachers in the vocational schools.
The VTAE Board's power to establish the qualifications for those who teach vocational school students does not include the power to establish the qualifications for those who teach high school students. The qualifications to teach high school students are to be set by the Superintendent of Public Instruction consistent with statutory standards. Thus, sec. 38.04 (4)(a), Stats., does not empower teachers authorized to teach vocational students to teach high school students.
Section 38.14 (3), Stats., empowers district vocational boards to contract with public educational institutions for instructional services. This power, however, must be exercised consistent with licensing laws.
Your reference to a conflict as state superintendent and as a member of the VTAE Board, of course, would not authorize disregard of licensing laws. In fact, there can be no conflict in the sense of one *Page 250 
position disqualifying performance of the other, inasmuch as the Legislature has provided that the Superintendent shall be a member of the VTAE Board. See sec. 15.94, Stats.
I am persuaded that high school students must be taught by teachers whose qualifications meet the standards of the Department. This is not to say that vocational teachers necessarily may not qualify to teach health occupation courses to high school students. This is to say, however, that the decision whether the vocational teachers are so qualified rests with the Superintendent of Public Instruction under reasonable standards, consistent with statutes. The Legislature expressly provided that instruction "elsewhere than at school may be substituted for school attendance" provided the substitute instruction is "approved by the state superintendent as substantially equivalent to instruction given to children of like ages in the public or private schools." Sec. 118.15 (4), Stats. Section 118. 19, Stats., enumerates specific criteria for licensing teachers of public school students, and also recognizes that the Superintendent has power to specify by rule any other needed training. Sec. 118.19(3)(a), Stats. Also see, sec. 115.28
(7)(a), Stats.
In approving vocational teachers for high school students, the Superintendent must follow the criteria specifically enumerated in sec. 118.19, Stats. In addition, the Superintendent must have some reasonable basis for concluding that the overall educative purposes of the Wisconsin Legislature will adequately be served in recognizing vocational teachers as suitable for high school instruction. While the Superintendent must comply with the standards enumerated in sec. 118.19, Stats., it is not necessary to invariably impose on vocational teachers all the additional requirements that may be imposed on the elementary and high school teachers licensed by the Department. The decision whether to recognize the qualifications of vocational teachers rests in the sound discretion of the Superintendent.
I note that the Department already by rule has set forth a procedure for issuing special permits and licenses for unique situations. Wis. Adm. Code sections PI 3.01 and PI 3.02. The Department could provide for a similar special licensure to make use of vocational schools and their teachers, provided such rule is consistent with the statutory minimum requirements and otherwise reflects the Superintendent's exercise of sound discretion. *Page 251 
In conclusion, I adhere to my previous opinion that vocational school teachers of high school students must be licensed by the Department and that the Superintendent has power to so license them. The decision to so license must comply with sec. 118.19, Stats., and reflect a sound exercise of discretion.
BCL:CDH