KENNETH A. LINDNER, Secretary Department of Administration
You have asked for my opinion on the duty of administrative agencies to employ the rule-making procedures in ch. 227, Stats., before acting in reliance on opinions of the Attorney General.
One facet of this issue already has been ruled on by the supreme court and can easily be disposed of. In Schoolway Transp.Co. v. Div. of Motor Vehicles, 72 Wis.2d 223, 240 N.W.2d 403
(1976), the Department of Transportation issued dual licenses to certain bus companies. The Attorney General advised the Department that its interpretation and application of the statute were in error. Relying on that advice, the Department changed its interpretation and denied dual licensure. The court held that this changed interpretation was not subject to the rule-making procedures of ch. 227, Stats. It reasoned that the applicable statute's plain meaning imposed on the Department a duty to cease its erroneous interpretation, as the Attorney General had advised.
Schoolway holds, then, that an administrative agency is not subject to the rule-making procedures of ch. 227, Stats., when it adopts an interpretation of a statute which is unambiguous even though it may be changing the interpretation of that statute. The fact of the agency's reliance on the Attorney General's opinion did not make the agency's changed interpretation subject to the rule-making procedure.
Agencies must, however, utilize rule-making procedure when making choices of how to apply a statute where the agency has discretion because the law compels no particular choice.Schoolway also *Page 364 
provides an illustration of this second situation. There, the Department interpreted a statute as denying carriers reduced licensed rates if they also acted as common carriers. The Department arrived at its conclusion by a process of construction and harmonization with related legislation. Its conclusion was not compelled as a matter of law, and the court held this process subject to the rule-making procedures.
Another case illustrating this second situation is WisconsinTelephone Co. v. ILHR Dept., 68 Wis.2d 345, 228 N.W.2d 649
(1975). There, the agency had issued guidelines construing the statutory ban on sex discrimination in employment. The court held that the guidelines were invalid because they had not been filed as rules. The court pointed out that the agency's authority to adopt the conclusions stated in its guidelines was not foreclosed by an apparently contrary decision of the United States Supreme Court. Because this conclusion was not mandated by law but rather allowed by law, it had to be adopted as a rule.
The lesson to be drawn from these cases is that if the Attorney General's opinion reports that controlling principles of law compel particular agency action, the rule-making procedure is inapplicable. On the other hand, if the opinion reveals that under the law an agency has discretion whether to take certain action, the agency, if it proceeds to take the action, is subject to the rule-making procedure of ch. 227, Stats., unless its action comes within some other exception. See, e.g., sec. 227.01
(11), Stats.
Agencies may not use opinions of the Attorney General to avoid the rule-making requirements of ch. 227, Stats. These opinions frequently set forth only the legal parameters in which the agency can act. "The attorney general has no authority to decide questions of fact. He advises upon questions of law. . . . Nor can his judgment be substituted for the discretion which the legislature has vested in another state officer." 40 Op. Att'y Gen. 3, 4 (1950). The opinions do not preempt ch. 227, Stats., and the rule-making procedures apply when an agency exercises its discretion within the limits of those opinions. To cite a recent example, I have advised the Superintendent of Public Instruction that she has authority to license vocational teachers to teach high school students if certain minimum statutory prerequisites are met. 68 Op. Att'y Gen. 248 (1979). The prerequisites are not subject to the rule-making procedure, of course, because *Page 365 
they already are required by law. But any additional criteria established in exercise of the licensing power are subject to the rule-making procedures of ch. 227, Stats.
I am persuaded that the distinction between discretionary agency action and that mandated by law is essential to preserve the constitutionality of much of the rule-making procedure. For example, a literal construction of sec. 227.01 (10), Stats., would displace the supreme court as the final authority on the law. That subsection provides that "every interpretation of a statute" adopted by an agency must undergo the rule-making procedure. Since that procedure entails hearings on "arguments relative to the proposal," sec. 227.022 (1), Stats., a literal construction would mean that whether an agency should comply with and implement an interpretation required by the supreme court would be subject to hearings, argument, and debate. Obeying the supreme court, however, is not subject to debate. It is emphatically the province of the judiciary to say what the law is. United States v. Nixon, 418 U.S. 683, 703 (1974). It matters not that in determining what the agency must do the supreme court undertakes a sophisticated statutory construction and analysis. Similarly, it is irrelevant whether the Attorney General's opinion engages in statutory construction, for the opinion essentially reports what the supreme court will require under established principles of law if the agency is sued to perform its duty. One need not presume the infallibility of an Attorney General's opinion to discern that an agency's reliance thereon is not a discretionary interpretation of legislation.
It is equally clear that the Legislature did not intend sec.227.01 (10), Stats., to include even the holdings of the supreme court. For example, the hearing requirement is made inapplicable where a proposed rule is designed solely to bring the language of an existing rule into conformity with a statutory change or a controlling judicial decision. Sec. 227.02 (1) (b), Stats. Further. the rules, statements of policy, and interpretation of legislation which are subject to the rulemaking procedure are the same items which are subject to debate and argument at the public hearings. The fact of debate shows that alternative discretionary choices are contemplated. Thus, the rule-making procedure, by its own terms, relates only to discretionary agency action and not to action mandated by law.
BCL:CDH *Page 366